```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| DAVID STEVENSON,<br><br>         Petitioner,<br><br>    -against-<br><br>SUPT. M. ROYCE,<br><br>         Respondent. | 19-CV-9880 (CM)<br><br>ORDER |

COLLEEN McMAHON, Chief United States District Judge:

  Petitioner, currently incarcerated at Green Haven Correctional Facility, brings this *pro se* petition challenging his May 22, 2014 conviction in the New York Supreme Court, Orange County. On December 3, 2019, the Clerk's Office received Petitioner's $5.00 filing fee.

  For the following reasons, the Court directs Petitioner to file a declaration within sixty days of the date of this order showing cause why this application should not be denied as time-barred.

## BACKGROUND

  The following facts are taken from the petition and its attachments: on or about January 15, 2013, Petitioner was charged with several counts, including second-degree murder and second-degree arson. (ECF No. 1 at 16, 20.) On May 22, 2013, Petitioner's trial counsel requested a mental health evaluation under Article 730 of New York's Criminal Procedure Law. (*Id.* at 19.) At a September 26, 2013 hearing, the prosecutor did not contest a finding of incompetency. (*Id.*) On or around December 4, 2013, a doctor determined that Petitioner was competent. The following year, on April 17, 2014, a jury found Petitioner guilty of second-degree murder, second-degree arson, third-degree weapon possession, and cruelty to animals. (*Id.* at 13.) The trial court sentenced him to 25-years-to-life on the murder charge, and 25-years-to-life on the arson charge, to run consecutively. (*Id.*)

# DISCUSSION

**A.      Applicable Statute of Limitations**

Petitioner's application may be time-barred. A prisoner seeking *habeas* relief under § 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

Petitioner alleges that on May 22, 2014, he was convicted in the New York Supreme Court, Orange County. Court records indicate that on February 28, 2018, the New York Supreme Court Appellate Division, Second Department, affirmed the conviction, *see People v. Stevenson*, 158 A.D.3d 825 (2d Dep't 2018), and the New York Court of Appeals denied leave to appeal on May 16, 2018, *see Stevenson*, 31 N.Y.3d 1088 (2018). Petitioner's conviction consequently became final on August 15, 2018, following "the expiration of [the] 90-day period of time to petition for *certiorari* in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000). The time to file this petition expired one year later, on August 15, 2019. Petitioner placed the petition in the prison mail collection box on October 1, 2019, 47 days after the time to file expired.

Under 28 U.S.C. § 2244(d)(2), postconviction motions filed before the expiration of the statute of limitations, and their related state-court proceedings, may toll the statute of limitations. But postconviction motions filed after the limitations period expires do not start the limitations period anew. "[P]roper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which

2

the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Section 2244(d)(2) applies only if a petitioner's postconviction motion was pending within the one-year limitations period.

Here, Petitioner does not allege that he filed any postconviction motions in the New York state courts. His petition therefore appears to be time-barred.

**B.     Leave to File Declaration**

The Court directs Petitioner to file a declaration within sixty days of the date of this order stating why this application should not be dismissed as time-barred.

**First**, if Petitioner did file a postconviction motion, he should also include in the declaration a listing of (1) the dates that all postconviction applications in state court challenging this conviction were filed, including any petition for a writ of *error coram nobis*, all motions under N.Y. Crim. P. L. § 440, and any other postconviction applications, (2) when any postconviction applications were decided, (3) the dates that any appeals or applications for leave to appeal from those decisions were filed, (4) when those appeals or applications were decided, and (5) when Petitioner received notice of any state court decisions on those applications and appeals. *See* 28 U.S.C. § 2244(d)(2).

**Second**, if Petitioner did not file any postconviction motions that toll the limitation period, he should allege any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations period under § 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases). For example, mental illness may warrant equitable tolling if the mental disability was an "extraordinary circumstance" that severely impaired a petitioner's ability to timely file a petition, despite his diligent efforts. *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d

Cir. 2010). "The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011).

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Petitioner, and note service on the docket. Petitioner is directed to file a declaration within sixty days of the date of this order showing why the petition should not be dismissed as time-barred. A declaration form is attached to this order. If Petitioner timely files a declaration, the Court shall review it, and if proper, shall order the Respondent to answer. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied as time-barred. No answer shall be required at this time.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 13, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____
_____
_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____
_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____
_____
_____
_____
_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|
| Name | Prison Identification # (if incarcerated) |
| Address / City / State / Zip Code | |
| Telephone Number (if available) | E-mail Address (if available) |